# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **RODNEY MILLER**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 3846 |
| | ) |
| **THOMAS J. DART**, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Rodney Miller, a pretrial detainee in custody at the Cook County Department of Corrections, has filed a Petition for a Writ of Habeas Corpus ("Petition") in which he invokes 28 U.S.C. § 2241[1] to target not only his custodian, Cook County Sheriff Thomas Dart, but also Sheriff's Police Department Investigator Angela Thornton and Cook County Circuit Judge James Linn as having violated his rights. Because Miller is a pretrial detainee and not an already convicted defendant, Section 2241 rather than the far more frequently invoked Section 2254 is the proper vehicle for federal habeas relief (see, e.g., Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000), Jacobs v. McCaughtry, 251 F.3d 596, 597-98 (7th Cir. 2001) (per curiam) and cases from other circuits cited in Jacobs) -- if, that is, Miller is entitled to such relief.

In that respect the need to exhaust state remedies, which under Section 2254(b)(1)(A) precludes any premature attempted resort to the federal courts where Section 2254 relief is at

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

issue, is <u>not</u> a jurisdictional requirement under Section 2241.  As the ensuing analysis reflects, however, that does not serve to justify what Miller is attempting here.

Here is what Miller claims in Petition ¶ 7(a)(6):

> Issues raised:  That the indictment is the result of perjured testimony to the Grand Jury, misleading the Grand Jury and tainting the Grand Jury process causing a substantial injustice (baseless detainer).  Failure to state an offense, challenging the sufficiency of the allegations in the charging instrument not the sufficiency of the evidence.  Letters included to Sheriff Thomas J. Dart, Attorney General Office et & al  See 1983 wrongful arrest and false charges.

But after failing to obtain relief on that ground from Judge Linn (in what Miller mistakenly lists as his "first appeal"), Miller pursued the matter no farther in the state court system before attempting to turn to this federal court.  Instead, employing the same mistaken locution, he states in Petition ¶ 8 that he did not file a "second appeal," explaining his reason in Petition ¶ 8(b):

> This is a baseless detainer issued on perjured testimony fraud which the state has not elected on but has a duty to address as well as the Judge.

Although the nonexhaustion of Miller's remedies in the state court system may not be a bar to obtaining federal habeas relief under some limited circumstances, the firmly established principles of comity and of federal court abstention rather than intervention in state court criminal proceedings, as exemplified by the seminal opinion in <u>Younger v. Harris</u>, 401 U.S. 37 (1971), teach a hands-off policy for the federal judiciary in a situation such as that posed by Miller here.  Accordingly the Petition is dismissed with prejudice, although of course this Court expresses no substantive views as to Miller's possible right to relief in the state court system.

                                                     _____
                                                   Milton I. Shadur
                                                   Senior United States District Judge

Date:  May 6, 2015