## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **RODNEY MILLER**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 15 C 3846 |
| **THOMAS J. DART**, | ) ) ) |
| Defendant. | ) |

### SUPPPLEMENT TO MEMORANDUM OPINION AND ORDER

Because the principles of Younger abstention[1] so clearly commanded the rejection of the misguided effort by pretrial detainee Rodney Miller ("Miller") to invoke 28 U.S.C. § 2241[2] to embroil this federal court in the state court criminal proceedings against him, this Court's May 6 memorandum opinion and order ("Opinion") made short shrift of Miller's Section 2241 Petition for a Writ of Habeas Corpus ("Petition"). Although Section 2241 does not have a literal counterpart in the federal rules to the statutorily prescribed Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"),[3] it has occurred to this Court that the Opinion might appropriately be supplemented by this Court's views as to whether a certificate of appealability from the dismissal of Miller's Petition should or should not be issued (a requirement imposed by Section 2254 Rule 11(a) as to Section 2254 petitions).

___

[1] Younger v. Harris, 401 U.S. 37 (1971).

[2] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

[3] As the Opinion pointed out, Section 2254 addresses only claims by a prisoner plaintiff who has already sustained a state court conviction.

Accordingly this Court supplements the Opinion's dismissal of Miller's Petition by the denial of a certificate of appealability from that determination.  For that purpose the unquestionable applicability of the <u>Younger</u>-announced principle of nonintervention in ongoing state court criminal proceedings that have not yet eventuated in a conviction makes it unnecessary to invite arguments from Miller and his targeted defendants as to whether such a certificate should issue.  Finally, because Fed. R. App. P. 22(b) does not speak directly to Section 2241 proceedings, the corresponding provision of Section 2254 Rule 11(a) does not appear to be directly applicable here.

                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date:  May 7, 2015